

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY

CASE NO.    *1DEA.584-16-G*

DESTINY SPRINGS CONDOMINIUM
ASSOCIATION, INC.

     Plaintiff

vs.

PRAETORIAN SPECIALTY INSURANCE
COMPANY, A SUBSIDIARY OF
PRAETORIAN INSURANCE COMPANY,
WHOSE PRINCIPAL PLACE OF BUSINESS
IS NEW YORK, NEW YORK, AND GREAT
AMERICAN INSURANCE COMPANY, AN
OHIO CORPORATION,

     Defendants

ORIGINAL RECEIVED
THIS IS A COPY
MARYANNE MORSE
CLERK OF THE CIRCUIT COURT
By: _____ D.C.
Date: *1-25-10*

6:10-cv-352-Orl-31KRS

_____/

## VERIFIED COMPLAINT

Plaintiff, DESTINY SPRINGS CONDOMINIUM ASSOCIATION, INC., (hereinafter DESTINY SPRINGS), by and through undersigned counsel, sues PRAETORIAN SPECIALTY INSURANCE COMPANY, A SUBSIDIARY OF PRAETORIAN INSURANCE COMPANY, WHOSE PRINCIPAL PLACE OF BUSINESS, IS NEW YORK, NEW YORK, (hereinafter PRAETORIAN) AND GREAT AMERICAN INSURANCE COMPANY, AN OHIO CORPORATION, (hereinafter GREAT AMERICAN), alleges:

1.    The instant case involves damages in excess of $15,000.00.

2.    It is proper in the instant venue and this court has jurisdiction in this cause of action because the Plaintiff, DESTINY SPRINGS, does business in Seminole County, Florida, and the acts

1

alleged in the cause of action, which give rise to the instant cause of action, occurred primarily in Seminole County, Florida.

3.    The Plaintiff, DESTINY SPRINGS, is a condominium association, the condominium complex involved, being situated in Seminole County, Florida. DESTINY SPRINGS is the owner and operator of the Destiny Springs Condominium complex.

4.    The Defendant PRAETORIAN is an insurance company providing directors and officers liability insurance, with its principal place of business in New York, New York, and fully licensed and operating in the state of Florida. At all times material to this complaint, PRAETORIAN held themselves out to be acting in the public interest and under a public trust, which communicated to the public generally.   Said communication was that the Defendant, PRAETORIAN, would handle, adjust, and compensate promptly for losses, damages and injuries falling within its contracts of insurance. DESTINY SPRINGS was a member of aforementioned public at which the communications were aimed and the contract with DESTINY SPRINGS is included in that group of policies the Defendant promised to promptly and fairly pay as stated above.

5.    The Defendant GREAT AMERICAN is an insurance company providing directors and officers liability insurance with its principal place of business in the state of Ohio. At all times material to this complaint, GREAT AMERICAN held themselves out to be acting in the public interest and under a public trust, which communicated to the public generally. Said communication was that the Defendant, GREAT AMERICAN, would handle, adjust, and compensate promptly for losses, damages and injuries falling within its contracts of insurance. DESTINY SPRINGS was a member of aforementioned public at which the

communications were aimed and the contract with DESTINY SPRINGS is included in that group of policies the Defendant promised to promptly and fairly pay as stated above.

6.     On or about November 10, 2006, GREAT AMERICAN entered into a policy of insurance, Policy No. EPP7513368,  in which they covered DESTINY SPRINGS for liability of its directors and officers.  Said policy period was from 11/10/06 to 11/10/07.   A copy of the dec sheet is attached as **EXHIBIT 1.**   The original contract of insurance is currently in the possession and control of the Defendant GREAT AMERICAN.  All premiums have been paid in full by DESTINY SPRINGS to GREAT AMERICAN for the period in question, all in Seminole County, Florida.

7.     On or about November 10, 2007, PRAETORIAN entered into a policy of insurance, Policy No. S0016-BP40001351-01, insuring the Plaintiff DESTINY SPRINGS for directors and officers liability.  Said policy coverage period was from 11/10/07 to 11/10/08.  A copy of the dec sheet is attached as **EXHIBIT 2.**   The original contract of insurance is currently in the possession and control of the Defendant PRAETORIAN.  All premiums have been paid in full by DESTINY SPRINGS to PRAETORIAN for the period in question, all in Seminole County, Florida.

8.     On or about October 3, 2007, a lawsuit was filed by Vincent G. Timlin against Plaintiff DESTINY SPRINGS in the 18th Judicial Circuit in and for Seminole County, Florida, Case No. 07-CA-3081.  Said lawsuit alleged damages to Mr. Timlin's condominium arising out of improperly installed windows and other construction defects which caused water damage to his unit.  On or about October 5, 2007, the lawsuit was served on All About Management, Inc. , the management company for DESTINY SPRINGS.   On or about October 8, 2007,

the Summons and Complaint, which had been served on All About Management, was delivered physically to the office located at the Destiny Springs Condominium in a manner and fashion consistent with the agreement between All About Management and the Plaintiff. No responsive pleading was filed on behalf of DESTINY SPRINGS.

9. On or about October 30, 2007, a Default was entered on behalf of Timlin against DESTINY SPRINGS.

10. On or about October 31, 2007, a copy of the Default was delivered to Tina Leff,    who was an acting board member at the time.

11. On or about September 10, 2007, the Condominium Association petitioned the Department of Business and Professional Regulation to remove three members of the Board and the President. The Petition was granted by the Department and, on October 3, 2007, two interim Directors were appointed.

12. On or about November 7, 2007, an emergency meeting of the Board of Directors of the Plaintiff was called to deal with the Timlin lawsuit. Only Tina Leff and Angelia Gordon, of All About Management, attended said meeting.   The meeting lacked the necessary quorum to institute any action.   Following the November 7, 2007 meeting, Tina Leff contacted the Association's lawyer and was told that the case could not be discussed nor could any other action be taken without a letter from the Board authorizing her to act.

In addition, there was confusion among the Board members at the time relative to the lawsuit because of the lack of communication between the old regime and new regime, incomplete documents returned by the previous directors, and the belief that the previous President, who had been handling the Timlin matter in a very hands on manner, had dealt with the situation

4

properly.

13. On or about November 12, 2007, a unit owners meeting was held, where new Board members were elected. Tina Leff was elected President but resigned on or about April 6, 2008. The Timlin lawsuit was not discussed at the 11/12/07 meeting. No action was taken relative to the Timlin suit.

14. On or about December 2007, All About Management, moved from temporary offices in Lake Mary to Winter Park. The office All About Management moved from was a multiple office, one address, one reception arrangement. Due to said arrangement, there was incomplete mail forwarding relative to All About Management's mail. From December 2007 until May 2008, All About Management received no correspondence relative to the ongoing litigated Timlin v. Destiny Springs lawsuit. Destiny Springs, having not responded, did not receive any correspondence or pleadings during the same period of time. A number of pleadings were mailed by the Timlin attorneys. In March 2008, there is a Certificate of No Service filed with the Court by the Timlin attorneys.

15. On or about April 17, 2008, a trial was held in the Timlin v. Destiny Springs case. No person or representative appeared on behalf of Destiny Springs at the trial. No agent, servant or employee of Destiny Springs had knowledge of the trial. A Final Judgment was entered on May 12, 2008, in the amount of $283,153.44, plus pre-interest judgment interest in the amount of 11% and the reasonable rental value of $1,400.00 per month from February 2007 until remediation and corrections are perfected.

16. On or about May 13 or 14, 2008, Angelia Gordon received a large stack of old mail which was supposed to be forwarded to her new office. Said stack contained other bills and

5

correspondence, in addition to pleadings from the <u>Timlin</u> case. The most recent pleading received by All About Management at this time was a Notice for Trial. Angelia Gordon immediately contacted the attorneys for Timlin and was informed a trial had been held and a judgment had been entered in the case. This was the first time any agent, servant or employee of Destiny Springs or All About Management knew of the continued and ongoing litigation in the <u>Timlin</u> case.

17. In or about May 2008, Arthur Minor was elected as President of Destiny Springs, following the April 6 resignation of Tina Leff. During the period of time from the November 7, 2007 emergency meeting until the May 13, 2008 conversation between Angelia Gordon and the attorneys for Timlin, no action was taken by any agent, servant, employee, officer or director of Destiny Springs relative to the <u>Timlin</u> lawsuit. There are no entries on any DESTINY SPRINGS meeting or minutes relative to the <u>Timlin</u> lawsuit after November 7, 2007.

18. A law firm was hired by DESTINY SPRINGS to overturn the final judgment. On or about July 22, 2008, a hearing was held at which said motion was denied. On or July 31, 2008, DESTINY SPRINGS filed a Notice of Appeal to the Fifth District Court of Appeal. On or about April 7, 2009, the lower court order was *per curium* affirmed by the Fifth District, Case No. 5D08-2825.

19. On or about August 13, 2008, the motion of DESTINY SPRINGS for Stay of Execution Without Bond was denied, leaving Timlin free to collect on his judgment against DESTINY SPRINGS. At the time, DESTINY SPRINGS had funds which were taken in from maintenance fees which were to be used to operate and maintain the condominium complex.

20. Because of the ongoing pressure relative to collection of the <u>Timlin</u> judgment, the law firm

of Wolff, Hill, McFarlin, in Orlando, Florida, was retained and, on or about October 1, 2008, a Chapter 11 bankruptcy proceeding was filed in the Middle District of Florida, on behalf of DESTINY SPRINGS, Case No. 6:08-bk-8996. The law firm of Wolff, Hill, McFarlin was paid directly from DESTINY SPRINGS' coffers. On or about July 7, 2009, a mediated agreement was reached between DESTINY SPRINGS and Timlin in the Chapter 11 case, resolving the situation. The agreement is attached as **EXHIBIT 3.**

21. That in 2008, a declaratory judgment action, in the Middle District of Florida, Orlando Division, was filed by Columbia Casualty Company against Destiny Springs relative to coverage and defense of the ongoing Timlin case and the Timlin appeal. Said cause of action was dismissed 8/25/09 following the mediated agreement of 7/7/09.

22. On or about July 18, 2008, GREAT AMERICAN was notified of a claim for damages arising out of the negligence of the officers and directors of DESTINY SPRINGS in their handling of the service of the Timlin lawsuit, as described above.

23. On or about August 12, 2008, a letter was sent to DESTINY SPRINGS denying coverage for the above referenced D & O negligence claim. Correspondence attached as **EXHIBIT 4.** The correspondence was received by the agents, servants or employees of DESTINY SPRINGS on or about August 18, 2008.

24. On or about July 18, 2008, DESTINY SPRINGS made a claim with PRAETORIAN for damages arising out of the negligence of its directors and officers with regards to their handling of the receipt of service and the defense of the Timlin lawsuit, as described above. In or about the May 2008, a letter was sent to DESTINY SPRINGS denying coverage for the above referenced negligence arising out of the Timlin case. A copy of said letter is attached

7

as **EXHIBIT 5.** The letter was received by agents, servants or employees of DESTINY SPRINGS on or about the May 19, 2008.

25. Any and all acts on the part of DESTINY SPRINGS, directors, officers, agents, servants or employees, with regard to their lack of response in the *Timlin* case were not as a result of any intentional act, but as a direct result of the carelessness or negligence of said officers, directors, agents, servants or employees of DESTINY SPRINGS.

26. The Plaintiff has retained the undersigned counsel to represent him in this matter and has agreed to pay him a reasonable attorney's fee and costs. The Plaintiff requests the court award attorneys fees and costs to Plaintiff.

## COUNT I - BREACH OF CONTRACT
## GREAT AMERICAN INSURANCE COMPANY

27. Plaintiff readopts and reavers previous paragraphs 1 through 26.

28. Based on the above and forgoing allegations, Defendant GREAT AMERICAN has breached its contract of insurance and undertaking with Plaintiff DESTINY SPRINGS by failing to honor its covenants to compensate the Plaintiff within a reasonable time cover the Plaintiff and agree to pay reasonable damages arising out the negligence of the officers and directors of Plaintiff.

Wherefore, Plaintiff DESTINY SPRINGS demands damages, together with interest, attorneys fees, costs, and demands trial by jury.

8



## COUNT II - BREACH OF CONTRACT

## PRAETORIAN SPECIALTY INSURANCE COMPANY

29.   Plaintiff readopts and reavers previous paragraphs 1 through 26.

30.   Based on the above and forgoing allegations, Defendant PRAETORIAN has breached its

contract of insurance and undertaking with Plaintiff DESTINY SPRINGS by failing to honor

its covenants to compensate the Plaintiff within a reasonable time cover the Plaintiff and

agree to pay reasonable damages arising out the negligence of the officers and directors of

Plaintiff.

Wherefore, Plaintiff DESTINY SPRINGS demands damages, together with interest,

attorneys fees, costs, and demands trial by jury.


## COUNT III - CIVIL REMEDIES ACT, FS §624.155, etc.

## GREAT AMERICAN INSURANCE COMPANY

31.   Plaintiff readopts and reavers previous paragraphs 1 through 26.

32.   The Plaintiff has performed all conditions precedent pursuant to Florida Statute §624.155

and subparts.

33.   The Plaintiff made a claim pursuant to the contract and claim pursuant to Florida Statute

§624.155, which has been denied by the Defendant GREAT AMERICAN.

   i.   The Defendant has engaged in violation of the aforementioned statute in that it did

        not attempt to settle the instant claim in good faith upon the circumstances when it

9

could have and should have done so had it acted fairly and honestly towards the Plaintiff with due regard for its interests.

ii.    Committing with such frequency as to indicate a general business practice of:

    a.    failing to adopt and implement standards for proper investigation of claims;

    b.    misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    c.    denying claims without conducting reasonable investigations based upon available information.

Wherefore, based on the Defendant's violation of Florida Statute §624.155 and subparts, Plaintiff prays for all damages allowable under said statute including attorneys fees, costs, pre-imposed judgment interest, and demands trial by jury.

## COUNT IV - CIVIL REMEDIES ACT, FS §624.155, etc.

## PRAETORIAN SPECIALITY INSURANCE COMPANY

34.    Plaintiff readopts and reavers previous paragraphs 1 through 26.

35.    The Plaintiff has performed all conditions precedent pursuant to Florida Statute §624.155 and subparts.

36.    The Plaintiff made a claim pursuant to the contract and claim pursuant to Florida Statute 624.155, which has been denied by the Defendant PRAETORIAN.

    i.    The Defendant has engaged in violation of the aforementioned statute in that it did not attempt to settle the instant claim in good faith upon the circumstances when it

could have and should have done so had it acted fairly and honestly towards the Plaintiff with due regard for its interests.

ii.    Committing with such frequency as to indicate a general business practice of:

    a.    failing to adopt and implement standards for proper investigation of claims;

    b.    misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    c.    denying claims without conducting reasonable investigations based upon available information.

Wherefore, based on the Defendant's violation of Florida Statute 624.155 and subparts, Plaintiff prays for all damages allowable under said statute including attorneys fees, costs, pre-imposed judgment interest, and demands trial by jury.

## COUNT V - MATERIAL MISREPRESENTATION
## GREAT AMERICAN INSURANCE COMPANY

37.    Plaintiff readopts and reavers previous paragraphs 1 through 26.

38.    By its advertising and representations through agents and otherwise, the Defendant GREAT AMERICAN represented that the claims under its insured's policies would be paid within a reasonable period of time, with a reasonable amount.

39.    The Defendant has failed to do so as alleged previously and has refused to pay the claim of DESTINY SPRINGS since Defendant was first notified.

40.    At the time representations referred to in the previous paragraphs were made, the Defendant knew or should have known the representations were false and were made with the intent of

enticing persons or companies, such as the Plaintiff, into obtaining insurance contracts or entering into insurance contracts with the Defendant.

41.   The Plaintiff reasonably relied on Defendant's assurances to their detriment.

Wherefore, Plaintiff demands damages, interest thereon, attorneys fees, costs, and demands trial by jury.


## COUNT VI - MATERIAL MISREPRESENTATION
## PRAETORIAN SPECIALTY INSURANCE COMPANY


42.   Plaintiff readopts and reavers previous paragraphs 1 through 26.

43.   By its advertising and representations through agents and otherwise, the Defendant GREAT AMERICAN represented that the claims under its insured's policies would be paid within a reasonable period of time, with a reasonable amount.

44.   The Defendant has failed to do so as alleged previously and has refused to pay the claim of DESTINY SPRINGS since Defendant was first notified.

45.   At the time representations referred to in the previous paragraphs were made, the Defendant knew or should have known the representations were false and were made with the intent of enticing persons or companies, such as the Plaintiff, into obtaining insurance contracts or entering into insurance contracts with the Defendant.

46.   The Plaintiff reasonably relied on Defendant's assurances to their detriment.

Wherefore. Plaintiff DESTINY SPRINGS CONDOMINIUM ASSOCIATION. INC.

demands damages. interest thereon. attorneys fees. costs. and demands trial by jury.

Dated: 1/22/10

Hurley Partin Whitaker, Esquire
HURLEY PARTIN WHITAKER, P.A.
700 N. Wickham Road. Suite 205
Melbourne. Florida 32935
(321) 254-3399
hpw@whitakerlaw.com
FL. BAR #369969
Attorney for Plaintiff

DESTINY SPRINGS CONDOMINIUM
ASSOCIATION. INC.

By:

Arthur Minor. President

STATE OF FLORIDA
COUNTY OF ORANGE

Before me. on this 22 day of ~~November~~ December 2009. appeared Arthur Minor. who is ____ personally known to me: or ____ who has provided a valid drivers license. _____. and after being duly sworn. deposes and says the information contained in the forgoing document is true and correct to the best of his knowledge. information and belief.

Notary Public State of Florida
Angela L Gordon
My Commission DD562346
Expires 06/11/2010

Notary Public
State of Florida at Large

13



**GREATAMERICAN**
INSURANCE GROUP
580 WALNUT STREET, CINCINNATI, OHIO 45202

---

**Declarations for
Non-Profit Organization
Executive Protection and
Employment Practices Liability
Insurance Policy**

---

Insurance is afforded by the company indicated below: (Each a capital stock corporation)

- ▪• Great American Insurance Company
- • Agricultural Insurance Company
- • •American National Fire Insurance Company
- • •Other _____

Policy Number: EPP7513368-0    Policy Form Number: D 9100

---

Item 1.   Name of Organization: Destiny Springs Condominium Association, Inc.

Mailing Address:  928 Lake Destiny Road

City, State, Zip Code: Altamonte Springs, FL 32714

Item 2.   Policy Period: From  <u>11/10/2006</u>            To            <u>11/10/2007</u>
                           (Month, Day, Year)          (Month, Day, Year)
                (Both dates at 12:01 a.m. Standard Time at the address of the Organization as stated in Item 1)

Item 3.   Limit of Liability:
          $1,000,000          Aggregate Limit of Liability for Each Policy Year

Item 4.   Retention:
          $1,000                      Each Claim

Item 5.   Premium:
          $1,628.00

Item 6.   Endorsements Attached:
          Non-Profit Organization Executive Protection and Employment Practices Liability Insurance Policy D 9100 (12/99)
          Property Managers Endorsement D 9718 (01/97)
          Elite Coverage Amendments D 9718 (01/97)
          Punitive Damage Endorsement D 9713-2 (01/97)
          Terrorism Coverage Endorsement D 9876 (12/02)
          Terrorism Coverage Premium Disclosure D 9800-1 (02/03)
          General Limitation of Coverage Endorsement D 9500 1-2 (01/97)

Item 7.   Notices: All notices required to be given to the Insurer under this Policy shall be addressed to:
          *Great American Insurance Companies*
          *Executive Liability Division*
          *P.O. Box 66943*
          *Chicago, Illinois 60666*

Item 8.   Initial Coverage Date: <u>11/10/2005</u>

These Declarations along with the completed and signed Proposal Form and Non-Profit Organization Executive Protection and Employment Practices Liability Insurance Policy, shall constitute the contract between the Insureds and the Insurer.

<u>  NOT REQUIRED                    </u>          <u>  NOT REQUIRED                    </u>
     *(Authorized Representative)*                   *(Countersignature Date)*
D 9102 (3/97)

**EXHIBIT 1**





**GREATAMERICAN.**
INSURANCE GROUP

**Non-Profit Organization Executive Protection and Employment Practices Liability Insurance Policy**

### AMENDMENT TO SECTION VIII

It is understood and agreed that Section VIII of the Policy is hereby amended as follows:

L. Addition of Property Manager as an Insured is hereby added to the Policy.

   (1) Section III. B. is deleted and replaced with the following:

   B. "Insured" shall mean the Organization and any Subsidiary and all Insured Persons. Insured shall also mean any Property Manager, but only if such Property Manager is acting pursuant to the written authority granted by the Organization or on behalf of and at the direction of the Organization or any Subsidiary.

   (2) Section III. C. is deleted and replaced with the following:

   C. "Insured Persons" shall mean all persons who were, now are, or shall be directors , trustees, officers, employees, volunteers or staff members of the Organization or its Subsidiaries, including any executive board members and committee members whether salaried or not. It shall also mean all persons who were, now are, or shall be directors, trustees, officers, employees, volunteers or staff members of any Property Manager, but only if such persons are acting within the scope of their employment with the Property Manager and on behalf of the Organization or any Subsidiary.

   (3) Section III. Definitions is amended by the addition of the following:

   M. "Property Manager" shall mean any entity providing real estate property management services to the Organization or any Subsidiary pursuant to a written contract.

With respect to the coverage provided to any Property Manager and its directors, trustees, officers, employees, volunteers or staff members by this endorsement and notwithstanding Section IV.D of the Policy:

Section IV. is amended by the addition of the following:

   K . based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any Employment Practices Wrongful Act alleged by or on behalf of an employee of the Property Manager.

---

Insured: Destiny Springs Condominium Association, Inc.

Policy Period: 11/10/2006 To 11/10/2007          Policy Number: EPP7513368-0

Countersigned by: Not Required                    Endorsement Effective Date: 11/10/2006
                  *Authorized Representative*

Form D 9718   (01/97)                             Endorsement Number:



**GREATAMERICAN**
INSURANCE GROUP

**Non-Profit Organization
Executive Protection and
Employment Practices
Liability Insurance Policy**

## AMENDMENT TO SECTION VIII

It is understood and agreed that Section VIII of the Policy is hereby amended as follows:

**Section VIII. Elite Coverage Amendments**

It is understood and agreed that the following changes are made to the Policy:

1. Section III.C. of the Policy is amended with the addition of the following:

   C. "Insured Persons" shall also mean the lawful spouses, estates, heirs, legal representatives or assigns, in the event of their death, incapacity or bankruptcy, of all Insured Persons but only for Claims arising out of any actual or alleged Wrongful Act(s) of any Insured Persons.

2. Section III. D. of the Policy is deleted and replaced with the following wording:

   D. "Subsidiary" shall mean: (1) any entity which qualifies as a not-for-profit organization under the Internal Revenue Code, other than a political committee organized pursuant to Section 432 of the Federal Election Campaign Act of 1971 (and amendments thereto), and for which the Organization controls the right to elect or appoint more than fifty percent (50%) of the Board of Directors or other governing body of such entity; (2) any similar not-for-profit organization which was subsequently created or acquired by the Organization after the inception date of this Policy, if the entity's total assets do not exceed twenty-five percent (25%) of the total consolidated assets of the Organization as of the inception date of this Policy; or (3) any other entity added as a Subsidiary by written endorsement to this Policy. Coverage shall apply to a Subsidiary only for Wrongful Acts committed during the time such entity so qualified as a Subsidiary.

3. Section III.E. of the Policy is amended with the addition of the following:

   E. "Wrongful Act" shall also mean any matter claimed against any Insured Persons solely by reason of their status with the Organization.

---

Insured: <u>Destiny Springs Condominium Association, Inc.</u>

Policy Period: <u>11/10/2006 To  11/10/2007</u>          Policy Number: <u>EPP7513368-0</u>

Countersigned by: <u>Not Required</u>                    Endorsement Effective Date: <u>11/10/2006</u>
                    *Authorized Representative*

Form  D9718 (01/97)                                      Endorsement Number:



**GREAT**AMERICAN
INSURANCE GROUP

**Non-Profit Organization
Executive Protection and
Employment Practices
Liability Insurance Policy**

## AMENDMENT TO SECTION VIII

4. Section III.G. of the Policy is amended with the addition of the following:

G. "Loss" shall also mean any 10% "excess benefit" tax assessed by the Internal Revenue Service against any Insured Person pursuant to 26 USC Section 4958 (a)(2) for participation by management in an excess benefit transaction.

"Loss" shall not include any 25% "excess benefit" tax assessed by the Internal Revenue Service against any Insured Person as a "disqualified person" or any 200% "excess benefit" tax for failure to correct the award of the "excess benefit" pursuant to 26 USC Sections 4958 (a)(1) and (b), respectively.

For purposes of this endorsement, "disqualified person", "excess benefit" and "excess benefit transaction" shall be defined as those terms are defined in Section 4958 of the Internal Revenue Code.

5. Section IV.A. is hereby deleted and replaced with the following:

A. brought about or contributed to by: (1) any Insured gaining any profit, advantage or remuneration to which the Insured was not legally entitled; or (2) the fraudulent, dishonest or criminal acts of any Insured; provided, however, this exclusion shall only apply if it is finally adjudicated that such conduct in fact occurred; and the Wrongful Act of an Insured Person shall not be imputed to any other Insured Person for the purpose of determining the applicability of this exclusion;

6. Section IV.B. is hereby deleted and replaced with the following:

B. to the extent it is insured under any other valid and collectible policy or policies, whether such insurance is stated to be primary, contributory, excess, contingent or otherwise, and regardless of whether or not any Loss in connection with such Claim is recoverable under such other policy or policies; provided, however, this exclusion shall not apply to the amount of Loss which is in excess of the amount of any deductible or retention amounts and the limit of liability of such other policy or policies where such Claim is otherwise covered by the terms and conditions of this Policy;

7. Section IV.E. is hereby deleted and replaced with the following:

E. for any actual or alleged violation of the Employment Retirement Income Security Act of 1974 (or any regulations promulgated thereunder) or similar provision of any statutory or common law;



**GREATAMERICAN.**
INSURANCE GROUP

**Non-Profit Organization
Executive Protection and
Employment Practices
Liability Insurance Policy**

### AMENDMENT TO SECTION VIII

8. Section VI.B. is deleted and replaced with the following:

   B. The Insurer has the right to investigate and settle any Claim, as it deems expedient. *In the event the Insurer recommends a settlement and the Insured refuses to consent thereto, the Insurer's liability for such Claim is limited to the amount in excess of the Retention which the Insurer would have contributed to the settlement had the Insured consented to settlement, the* Costs of Defense *covered by the Policy and incurred prior to the date of such refusal to settle, and 70 percent (70%) of any additional covered* Loss, *including* Costs of Defense, *incurred subsequent to such refusal and subject to the Limit of Liability.*

   In the event the Insured refuses to consent to a settlement as contemplated above then Section V.C. of the Policy is hereby deleted and replaced with the following:

   C. Costs of Defense incurred by the Insurer shall be in addition to the Limit of Liability, and such *Costs of Defense* shall be subject to the Retention amount. If **Costs of Defense** are incurred by the **Insured** with the **Insurer's** consent, such **Costs of Defense** shall be considered **Loss** and thus shall be subject to the Limit of Liability and Retentions

9. It is understood and agreed that Section VII.A. is deleted and replaced with the following:

   A. The Insureds shall, as a condition precedent of their rights under this Policy, give the Insurer notice in writing of any Claim made, as soon as practicable from the date the Chairman, President, Executive Director, Chief Financial Officer, General Counsel or equivalent has knowledge of the Claim, and in no event later than ninety (90) days after the end of the Policy Period.

10. It is understood and agreed that Section VIII.A.(2) is deleted and replaced with the following:

   (2) This Policy may only be cancelled by the Insurer if the Organization does not pay the premium when due.

11. It is understood and agreed that Section VIII. is amended by the addition of the following:

   VIII. M. Territory

   The insurance provided by this Policy applies to Wrongful Acts anywhere in the world, provided that a Claim is brought against the Insured within the United States of America, its territories or possessions or Canada.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy other than as above stated.

Form D9718 (01/97)                          Endorsement Number:





**GREATAMERICAN.**
INSURANCE GROUP

**Non-Profit Organization
Executive Protection and
Employment Practices
Liability Insurance Policy**

## AMENDMENT TO SECTION III

It is understood and agreed that Section III of the Policy is hereby amended as follows:

Section III.G. is deleted in its entirety and replaced with the following:

G. **Loss** shall mean settlements and judgments, including punitive or exemplary damages or the multiple portion of any multiplied damage award, and subject to the provisions of *Section V and VI, Costs of Defense incurred by the* **Insured**, provided always, however, **Loss** shall not include taxes, criminal or civil fines or penalties imposed by law, or any matter which may be deemed uninsurable under the law pursuant to which this Policy shall be construed. It is understood and agreed that the enforceability of the foregoing coverage shall be governed by such applicable law which most favors coverage for punitive or exemplary damages or the multiple portion of any multiplied damage award.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy other than as above stated.

Insured: Destiny Springs Condominium Association, Inc.

Policy Period: <u>11/10/2006 To  11/10/2007</u>                     Policy Number: <u>EPP7513368-0</u>

Countersigned by: <u>Not Required</u>                     Endorsement Effective Date: <u>11/10/2006</u>
                             *Authorized Representative*

Form D 9713-2  (01/97)                     Endorsement Number:





**GREAT**AMERICAN.
INSURANCE GROUP

**Non-Profit Organization
Executive Protection and
Employment Practices
Liability Insurance Policy**

## COVERAGE FOR ACTS OF TERRORISM

It is understood and agreed that Section VIII. General Conditions of the Policy is hereby amended by the addition of the following:

Section VIII. General Conditions

<u>K</u>.  Act of Terrorism Coverage

Subject to all other terms and conditions of this Policy, coverage is available for Loss caused by an Act of Terrorism as defined below.

"Act of Terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States –

    (i)   to be an act of terrorism;
    (ii)  to be a violent act or an act that is dangerous to –
        (I)   human life;
        (II)  property; or
        (III) infrastructure;
    (iii) to have resulted in damage within the United States, or outside of the United States in the case of -
        (I)   an air carrier or vessel described in Section (5)(B) of the Terrorism Risk Insurance Act of 2002; or
        (II)  the premises of a United States mission; and
    (iv)  to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

With respect to any one or more Acts of Terrorism under the Terrorism Risk Insurance Act of 2002, we will not pay any amounts for which we are not responsible under the terms of that Act (including subsequent action of Congress pursuant to the Act) due to the application of any clause which results in a cap on our liability for payments for terrorism losses.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy other than as above stated.

Insured: Destiny Springs Condominium Association, Inc.

Policy Period: <u>11/10/2006 To  11/10/2007</u>　　　　　　Policy Number: <u>EPP7513368-0</u>

Countersigned by:  <u>Not Required</u>　　　　　　　　　　Endorsement Effective Date: <u>11/10/2006</u>
　　　　　　　　　　*Authorized Representative*

Form  D 9876   (12/02)　　　　　　　　　　Endorsement Number:





**GREATAMERICAN.**
INSURANCE GROUP

**Non-Profit Organization
Executive Protection and
Employment Practices
Liability Insurance Policy**

## AMENDMENT TO DECLARATIONS PAGE

It is understood and agreed that the Declarations is hereby amended by the addition of the following:

Item 9. Acts of Terrorism Premium:     $  0.00

It is further understood and agreed form TA0001 Policyholder Disclosure Offer of Terrorism Coverage is attached to and is to be considered as incorporated in and constituting a part of this Policy.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy other than as above stated.

Insured: **Destiny Springs Condominium Association, Inc.**

Policy Period: 11/10/2006 To 11/10/2007          Policy Number: EPP7513368-0

Countersigned by: Not Required                         Endorsement Effective Date: 11/10/2006
                           *Authorized Representative*

Form D 9800-1  (02/03)                              Endorsement Number:



## GREATAMERICAN.
### INSURANCE GROUP

**Non-Profit Organization
Executive Protection and
Employment Practices
Liability Insurance Policy**

### GENERAL LIMITATIONS OF COVERAGE

It is understood and agreed that this Policy does not apply to any Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving:

any Wrongful Act or any fact, matter, circumstance, situation, transaction, casualty, event or decision, known by any Insured Person prior to the Initial Coverage Date listed in Item 8 of the Declarations Page which would indicate the probability of such Claim being made.

It is further understood and agreed that this exclusion shall only apply to the Organization, its Subsidiaries and those Insured Persons having such knowledge.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy other than as above stated.

Insured: *Destiny Springs Condominium Association, Inc.*

Policy Period: <u>11/10/2006 To  11/10/2007</u>      Policy Number: <u>EPP7513368-0</u>

Countersigned by: <u>Not Required</u>              Endorsement Effective Date: <u>11/10/2006</u>
                    *Authorized Representative*

Form  D 9500-1  (01/97)                           Endorsement Number:



**Non-Profit Organization
Executive Protection and
Employment Practices
Liability Insurance Policy**

## GENERAL LIMITATIONS OF COVERAGE

It is understood and agreed that this Policy does not apply to any Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving:

1) actual, alleged or threatened:
    (a) inhalation of, ingestion of, contact with, or exposure to any Fungi or bacteria; or
    (b)    existence of or presence of any Fungi or bacteria on or within a building or structure including its contents, regardless of whether any other cause, event, material, or product contributed concurrently or in any sequence to any injury or damage; or

(2)    any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or in any way responding to, or assessing the effects of Fungi or bacteria by any Insured or by any other person or entity.
For the purposes of this endorsement the term Fungi means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents, or byproducts produced or released by fungi.

(3)    any actual or alleged liability of an Insured, in whole or in part, including but not limited to cross claims, cross claims or third party claims for contribution or indemnity, related to or for Construction Defect(s).
For the purposes of this endorsement the term Construction Defect(s) means any actual or alleged defective, faulty or delayed construction or any other matter constituting a construction defect under applicable law regardless of whether it results from:
    (a) defective or incorrect architectural plans or other designs,
    (b) defective or improper soil testing,
    (c) defective, inadequate or insufficient protection from subsoil or earth movement or subsidence,
    (d) construction, manufacture or assembly of any tangible property,
    (e) the failure to provide or pay for any construction-related goods or services, or
    (f) the supervision or management of any construction-related activities.

(4)    any actual or alleged liability of an Insured, in whole or in part, in the capacity as a builder or developer, or in the capacity of a sponsor of the Organization, or of an Insured affiliated with such a builder, developer or sponsor, and which is related to actual or alleged misconduct on the part of such builder, developer or sponsor, including but not limited to actual or alleged conflict of interest, self-dealing, or disputes concerning conversion, construction or development.

(5)    actual or alleged noise or interference with quiet enjoyment

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy other than as above stated.

---

Insured: Destiny Springs Condominium Association, Inc.

Policy Period: 11/10/2006 To 11/10/2007        Policy Number: EPP7513368-0

Countersigned by: Not Required              Endorsement Effective Date: 11/10/2006
                      **Authorized Representative**
Form D 9500-2           (01/97)                Endorsement Number:



# Praetorian Specialty Insurance Company

S0016-BP40001351-01

Renewal of:

Transaction:  **1**

**New Business**

## Businessowners Policy Declaration

Form Applicable: **Special**

This declaration is effective 11/10/2007
Policy period from 11/10/2007  to 11/10/2008
All dates are as of 12:01 A.M. Standard Time at your mailing address show below

*Insured Name and Address*

*Agency: 91708*

Destiny Springs Condo Assn, Inc.
1485 Int'l Pkwy Ste 1001
Lake Mary, FL 32746

Towne Center Ins Agency of Heathrow Inc
Christopher Palumbo
1485 International Parkway Ste 1051
Heathrow, FL 32746

---

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

---

| | |
|---|---|
| Form of Business: | Corporation |
| Business Description: | HOA |
| Described Premises: | See Schedule Attached |
| Limits of Insurance for: | See Schedule Attached |
| Optional Coverages: | See Schedule Attached |

### Liability And Medical Payments

Except for Fire Legal Liability, each paid claim for the following coverages reduces the amount of insurance we provide during the applicable annual period. Please refer to paragaph D.4. of the Businessowners Liability Coverage Form.

| | |
|---|---|
| Liability & Medical Expenses | $1,000,000 |
| Fire Legal Liability - any one Fire or Explosion | $50,000 |
| Medical Expenses Limit - Per Person | $5,000 |

Forms and Endorsement(s) made a part of this policy at time of issue: See Schedule Attached

| | |
|---|---:|
| Base Premium | $12,000.00 |
| Terrorism Premium | $120.00 |
| Total Commissionable Premium | $12,120.00 |
| Policy Fee | $35.00 |
| Inspection Fee, if Applicable | $80.00 |
| Total Premiums | $12,235.00 |
| CPIC Recoupment Fee | $0.00 |
| FHCF Fee | $122.35 |
| Policy Tax | $611.75 |
| FSLSO Tax | $12.24 |
| EMPAT Tax | $4.00 |
| **Total Policy Premium:** | **$12,985.34** |

This insurance is issued pursuant to the Florida Surplus Lines Laws.  Persons insured by Surplus Lines carriers do not have the protection of the Florida Insurance Guaranty Act to the extent of any right of recovery for the obligation on an insolvent unlicensed insurer.

| | |
|---|---|
| SURPLUS LINES AGENT ADDRESS: | James E Gibson<br>PO BOX 147018<br>GAINESVILLE, FL 32614-7018 |
| LICENSE NUMBER | E138177 |
| COUNTERSIGNED:  11/09/2007  AT: ___ Gainesville, FL ___  BY: ___ | |

AGENT COPY

## EXHIBIT 2



# Praetorian Specialty Insurance Company

**New Business**

S0016-BP40001351-01
Transaction:1

## Businessowners Supplemental Declarations

This declaration is effective  11/10/2007
Term is from 11/10/2007   to 11/10/2008
All dates are as of 12:01 A.M. Standard Time at the insured's address

| PREMISES AND BUILDINGS |
|---|

| Prems | Bldg | Information | Construction | Protection |
|---|---|---|---|---|
| 1 | | Destiny Springs Condo Association | | 3 |
| | | 928 Lake Destiny Rd. | | |
| | | Altamonte Springs, FL 32714 | | |
| | | | | |
| | | Destiny Springs Condo Association: Number Of Sites=248 | | |
| | | Swimming Pools: Number Of Pools=1 | | |
| | | Swimming Pools: Number Of Pools=1 | | |
| | | Swimming Pools: Number Of Pools=1 | | |
| | | Unprotected Water Hazard With Facilities: Number Of Water Hazards=1 | | |
| 1 | 1 | Clubhouse | Wood (Frame) | |
| 1 | 2 | Maintenance Building | Masonry | |
| 1 | 3 | Laundry Building 1 | Masonry | |
| 1 | 4 | Laundry Building 2 | Masonry | |



# Praetorian Specialty Insurance Company

S0016-BP40001351-01

New Business                                                          Transaction:1

## Businessowners Supplemental Declarations

*This declaration is effective 1/10/2007*
Term is from 11/10/2007   to 11/10/2008
All dates are as of 12:01 A.M. Standard Time at the insured's mailing address.

| | | COVERAGES | | |
|---|---|---|---|---|

| Prems | Bldg | Coverage | Automatic Increase in Insurance | Limit |
|---|---|---|---|---|
| | | Association Directors & Officers Liability - Deductible = 1,000 | | INCLUDED |
| | | * Retro Date - 11/10/2007 | | |
| | | Hired and Nonowned Auto Liability | | INCLUDED |
| | | Employee Dishonesty - Deductible = 1,000 | | 100,000 |

| Prems | Bldg | Coverage | Automatic Increase in Insurance | Limit |
|---|---|---|---|---|
| 1 | | Deductible = 2,500 | | |
| 1 | | Wind/Hail Deductible = 2% | | |
| 1 | | Exterior Building Glass Deductible = 1,000 | | |
| 1 | | Property Damage Legal Liability | | 100,000 |
| 1 | | Outdoor Signs - Deductible = 1,000 | | 5,000 |
| 1 | | BPP Theft Coverage | | INCLUDED |
| 1 | | POOL - IN GROUND | 6 % | 80,000 |
| | | * Replacement Cost Basis | | |
| 1 | | POOL - IN GROUND | 6 % | 80,000 |
| | | * Replacement Cost Basis | | |
| 1 | | POOL - IN GROUND | 6 % | 80,000 |
| | | * Replacement Cost Basis | | |
| 1 | 1 | Building | 6 % | 765,000 |
| | | * Replacement Cost Basis | | |
| 1 | 1 | Business Personal Property | 6 % | 30,000 |
| | | * Replacement Cost Basis | | |
| 1 | 2 | Building | 6 % | 16,000 |
| | | * Replacement Cost Basis | | |
| 1 | 2 | Business Personal Property | | 0 |
| 1 | 3 | Building | 6 % | 52,000 |
| | | * Replacement Cost Basis | | |
| 1 | 3 | Business Personal Property | | 0 |
| 1 | 4 | Building | 6 % | 52,000 |
| | | * Replacement Cost Basis | | |
| 1 | 4 | Business Personal Property | | 0 |



# Praetorian Specialty Insurance Company

S0016-BP40001351-01

*New Business*

Transaction: 1

## Businessowners Policy

This declaration is effective 11/10/2007
Term is from 11/10/2007  to  11/10/2008
All dates are as of 12:01 A.M. Standard Time at the insured's address

---

## FORM SCHEDULE

| FORM | DESCRIPTION |
|---|---|
| BP-DS01s (06/06) | BOP Declarations Page |
| NAME-01s (10/02) | Named Insured List |
| PREM 01s (10/02) | Location List |
| C-6501s (06/06) | BOP Supplemental Declarations Page |
| FORM-01s (10/02) | Form List |
| AINS-01s (10/02) | Additional Interest List |
| MAN-0303 (07/07) | Florida Changes |
| BP-IN01 (07/02) | BOP Index |
| BP-0003 (07/02) | Businessowners Coverage Form |
| BP-0417 (07/02) | Employment Related Practices Exclusion |
| BP-1005 (07/02) | Exclusion Year 2000 Related |
| BP-0515 (01/06) | Disclosure Pursuant to Terrorism Act of 2002 |
| BP-0523 (11/02) | Cap on Losses from Certified Acts of Terrorism |
| BP-0514 (01/03) | War Liability Exclusion |
| BP-0576 (11/02) | Limited Fungi or Bacteria Coverage |
| BP-0577 (11/02) | Fungi or Bacteria Exclusion (Liability) |
| C-0003 (10/05) | Businessowners Coverage- Amendatory Endorsement |
| IL-FEES (08/06) | Important Notice About Fees |
| C-6507a (06/06) | Community Assocation - Amendatory Endorsement |
| C-6506 (10/02) | Extended Business Income- Amendatory |
| MAN-0312 (10/06) | Windstorm Or Hail Percentage Deductibles |



# Praetorian Specialty Insurance Company

S0016-BP40001351-01

**New Business**

Transaction: 1

## Businessowners Policy

This declaration is effective 11/10/2007
Term is from 11/10/2007  to  11/10/2008
All dates are as of 12:01 A.M. Standard Time at the insured's address

## ADDITIONAL INTERESTS

Type: Additional Insured
Additional Interest Name:
All About Management Inc.

Address:
1485 Int'l Pkwy Ste 1001
Lake Mary, FL 32746

Form: BP-0402 07/02

For:
Liability: Destiny Springs Condo Association

# Praetorian Specialty Insurance Company

S0016-BP40001351-01

New Business

Transaction: 1

## Businessowners Policy

This declaration is effective 11/10/2007
Term is from 11/10/2007 to 11/10/2008
All dates are as of 12:01 A.M. Standard Time at the insured's address

---

## NAMED INSURED SCHEDULE

---

First Named Insured is:

Destiny Springs Condo Assn, Inc.

The Following are Named Insureds as their respective interests may appear in the policy:

4411

IN THE CIRCUIT COURT, EIGHTEENTH JUDICIAL
CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

VINCENT G. TIMLIN,                          CASE NO.: 07-CA-3081-11-W-

        Plaintiff,

v.

DESTINY SPRINGS CONDOMINIUM ASSOCIATION
        Defendant.
_____/

## MEDIATION SETTLEMENT AGREEMENT

This Agreement made and entered into this 7th day of July, 2009, by all parties set forth below as a Settlement Agreement in full settlement of all issues set forth in the above styled action, including satisfaction of the Final Judgment dated May 12, 2009. The parties hereto agree as follows:

1.     This Settlement Agreement is intended to resolve all matters, issues and claims by all parties against each other.

2.     All parties hereby release each other and Columbia Casualty Company from all claims, costs, and expenses heretofore incurred except as set forth herein.

3.     Defendant agrees to pay to Plaintiff the sum of $10,000.00 on or before July 9th, 2009, and agrees to pay to Plaintiff an additional $10,000.00 on or before July 22, 2009.

4.     Additionally, Defendant agrees to pay to Plaintiff the sum of $2,000.00 per month beginning August 10, 2009, and agrees to continue to pay to Plaintiff the sum of $2,000.00 per month on or before the 10th of each month thereafter until Defendant has paid Plaintiff the sum of $105,000.00 in monthly payments. Thus, Defendant will pay to Plaintiff under paragraphs 3 and 4 hereof, a total sum of $125,000.00 as so described.

# EXHIBIT 3



5.    The payment due July 9, 2009 shall be sent by overnight delivery to Plaintiff. All remaining payments shall be mailed to Plaintiff at 2701 Nordman Avenue, New Smyrna Beach, Florida 32168.

6.    Plaintiff shall be entitled to 50% of the net recovery which Defendant may obtain in its D & O lawsuit after court costs and, attorneys fees. Defendant shall assign a 50% interest to Plaintiff in such cause of action by Assignment prepared by Defendant's counsel, which is satisfactory to Plaintiff and which is effective to make Plaintiff's interest in such suit equal to that of Defendant. Plaintiff shall have equal decision making rights to strategy and settlement of the said suit.

7.    Defendant agrees to waterproof Plaintiff's unit on or before January 1, 2010. Plaintiff will grant Defendant such access as is needed for such work.

8.    Plaintiff shall release any claims of lien he has filed against Defendant, if any, and shall execute and deliver to Defendant a Satisfaction of Judgment to be prepared by Defendant's counsel upon receipt of payment of the second payment described in paragraph 3 above.

9.    Defendant shall have no responsibility or liability whatsoever for the repair or renovation of Plaintiff's condominium unit, and Defendant shall have no liability to Plaintiff whatsoever for the condition of such unit as of this date.

10.    Defendant shall pay the Mediator's fees in the amount of $1,800.00. Such fees will be paid within thirty days of the date hereof.

11.    This Mediation Agreement is intended to be and is a complete and final release by Plaintiff and Defendant of any and all claims by each party against the other arising out of the litigation styled above. This Agreement does not release Plaintiff from his obligations to pay maintenance fees and assessments to Defendant arising out of his continued ownership of his unit in Destiny Springs Condominium.

Signatures on next page:

Defendant:

DESTINY SPRINGS CONDOMINIUM ASSOCIATION

BY:

Printed Name: _NETWR MIMM_ _THIN N R LIMO_

Office: _PRESIDENT_ / _VICE PRESIDENT_

Plaintiff:

VINCENT G. TIMLIN

G. LARRY SIMS, ESQUIRE
501 NORTH GRANDVIEW AVENUE (32118)
POST OFFICE DRAWER 265669
DAYTONA BEACH, FLORIDA 32126-5669
(386)253-8195 x 322
(386)253-8198 FACSIMILE
FLORIDA BAR NUMBER: 0139156
CERTIFIED CIRCUIT COURT MEDIATOR



CNA Plaza 333 South Wabash Ave Chicago IL 60604

**Phillip R. Nava, CPCU**
*Claim Analyst*
*Law Department*
*Environmental & Mass Tort Claims*
Telephone   312-822-1483
                      800-266-7035
Facsimile    312-817-3498
Internet       phillip.nava@cna.com

August 12, 2008



Arthur J. Minor, President
Destiny Springs Condominium Association, Inc.
928 Lake Destiny Road
Altamonte Springs, FL 32714

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

RE:  Motion for Stay of Execution of Judgment hearing dated 8/6/2008
*Vincent G. Timlin v. Destiny Springs Condominium Association, Inc.*
("Complaint or *Timlin* Complaint")
Case No. 07-CA-3081-11-W 18th Circuit, Seminole County, Florida
Insured:  Destiny Springs Condo Assoc, Inc. ("Destiny Springs")
CNA File No: EK-817230

Dear Mr. Minor:

Columbia Casualty Company ("Columbia") is in receipt of Frank Rapprich's August 6th, 2008 email concerning Destiny Springs' Motion for Stay of Execution. We understand that the Judge required the Association to deliver $7,000 to Plaintiff's counsel within 7 days of the hearing in order to obtain a stay of execution until October 1st, 2008 only.  We further understand that if an appeal bond is not posted by that date, Mr. Timlin will be permitted to execute against the Association on the Final Judgment. Finally, we understand from Mr. Rapprich that the amount of $7000 equals five months of alternative rent ($1400 per month) for Mr. Timlin and represents partial pre-payment of the Final Judgment.

We are also in receipt of Ms. Angelia Gordon's August 8th, 2008 e-mail, indicating that Destiny Springs has made the $7000 payment and is seeking reimbursement from Columbia.

**Please be advised that Columbia will not agree to reimburse Destiny Springs for the $7000 payment at this time.**  Columbia has agreed to provide a defense to Destiny Springs, but has reserved its right to disclaim coverage for the claims against Destiny Springs for the reasons set forth in our May 30, 2008 letter.  Because the $7,000 that Destiny Springs was required to pay to obtain a temporary stay of execution of the Final Judgment represents a partial pre-payment of Mr. Timlin's damages, as opposed to a cost of defense, Columbia disclaims any obligation to reimburse Destiny Springs for the $7000 payment at this time, for the reasons set forth in our May 30 letter.

**EXHIBIT 4**

In an effort to obtain a prompt resolution of these coverage issues, Columbia has prepared and intends to file a declaratory judgment complaint, a courtesy copy of which is enclosed for your review.

Columbia reiterates its recommendation that Destiny Springs consult with personal counsel to protect its interests in this matter and to explore the availability of other insurance.

Please be advised that Columbia continues to reserve all of its rights under the applicable policy as noted in the May 30th, 2008 letter to Destiny Springs.  Please contact the undersigned if you have any questions.

Cordially,

Phillip R. Naya, CPCU
Columbia Casualty Company

c:   Ms. Angelia Gordon
     All About Management
     via E-mail to: allaboutmgmt@aol.com

c:   Francis X. Rapprich, Esq.
     Fisher, Rushmer, Werrenrath,
     Dickson, Talley & Dunlap, P. A.
     via E-mail to: frapprich@fisherlawfirm.com



c:    Jim Morse
Bruce Morse Insurance Agency
1090 W. Hwy 436
Altamonte Springs, FL 32714

MAY. 30. 2008  1:50PM    CNA INSURANCE                            NO. 433   P. 1



**CNA**

CNA Plaza 333 South Wabash Ave Chicago IL 60604

**Phillip R. Nava, CPCU**
Claim Analyst
Law Department
Environmental & Mass Tort Claims
Telephone   312-822-1483
            800-264-7035
Facsimile   312-817-3498
Internet    phillip.nava@cna.com

May 30th, 2008

Destiny Springs Condominium Association, Inc.
c/o All About Management – ATTN: Ms. Ange ia Gordon
201 West Canton Avenue, Suite 125A
Winter Park, FL 32789

Ms. Tina Leff, President
Destiny Springs Condominium Association, Inc.
928 Lake Destiny Road
Altamonte Springs, FL 32714

**VIA FAX & CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

RE:
_Vincent G. Timlin v. Destiny Springs Condominium Association, Inc._
("Complaint or _Timlin_ Complaint")
Case No. 07-CA-3081-11-W 18th Circuit, Seminole County, Florida
Insured: Destiny Springs Condominium Assoc, Inc. ("Destiny
Springs")
CNA File No: EK-817230

Dear Ms. Leff & Ms. Gordon:

This letters confirms that Columbia Casualty Company (hereafter "Columbia") received notice of the
_Timlin_ Complaint via an ACORD notice from Bruce Morse Insurance Agency on May 12th, 2008. The
May 12 ACORD notice constituted Columbia's first notice of the _Timlin_ Complaint. The ACORD
notice enclosed Plaintiff's Pretrial Statement and Plaintiff's Statement of Uncontroverted Facts, but
did not include a copy of the actual Complaint. We promptly tried to obtain, but were unsuccessful
in obtaining, a copy of the Complaint from Ms. Gordon. When those efforts failed, we contacted the
plaintiff's attorney and obtained a copy of the Complaint directly from him on May 16th, 2008. On
the same day, we also contacted the Kubicki Draper law firm in Orlando and requested that the firm
physically travel to the Seminole County Courthouse in order to review the court file. At that time,
we learned that Final Judgment had been entered against Destiny Springs on May 12th, 2008. This
letter discusses Columbia's coverage position with respect to the _Timlin_ Complaint. Please read this
letter in its entirety.

**THE COMPLAINT**                    **EXHIBIT 5**

The Complaint alleges that Vincent Timlin, the plaintiff, purchased a condominium unit at the Destiny Springs complex in March 2004 and that soon after he moved in, in April 2004, he noticed water entering his unit through windows in his bedroom and from underneath the baseboards in his living room. According to the Complaint, Mr. Timlin asked Destiny Springs to repair the problem to prevent water from entering his unit, but Destiny Springs failed to do so. As a consequence, water continued to enter the unit from April 2004 through April 2007, resulting in mold. The Complaint further alleges that due to the presence of mold, Mr. Timlin's health deteriorated, he was required to find another place to live, the market value of his unit decreased, and he was unable to sell his unit.

Because the Complaint alleges conduct and damages occurring over a period of years, <u>Columbia expressly requests that you or your agent(s) provide formal notice to the liability insurance carrier(s) for Destiny Springs from 2004 to the present, because one or more of these carriers may have coverage obligations with respect to the *Timlin* Complaint.</u>

## THE POLICY

We have located evidence of the following Commercial General Liability policy ("Policy") issued in favor of Destiny Springs Condominium Association, Inc.:

| ISSUING COMPANY | POLICY NUMBER | POLICY PERIOD |
|---|---|---|
| Columbia Casualty Company | CWP 25036 978B | 11/09/2003 to 11/09/2004 |

## LATE NOTICE TO COLUMBIA OF THE *TIMLIN* COMPLAINT

Section IV of the Policy, COMMERCIAL GENERAL LIABILITY CONDITIONS, provides in pertinent part:

***

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. . . . .

    b. If a claim is made or "suit" is brought against any insured, you must

        (1) Immediately record the specifics of the claim or "suit" and the date received; and

        (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c. You and any other involved insured must

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"; . . . .

        (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; . . . .

Our investigation reveals that the *Timlin* Complaint was filed on October 3rd, 2007 and that the summons was returned, indicating service on Destiny Springs, on October 8th, 2007. A Motion for Default was filed on October 30th, 2007 and a default was entered on against Destiny Springs on October 31st, 2007. A non-jury trial was held on April 17th, 2008 and Final Judgment was entered against Destiny Springs on May 12th, 2008 in the amount of $283,153.44, plus pre- and post-judgment interest.

As noted above, Columbia received first notice of the *Timlin* Complaint on May 12th, 2008 (through receipt of an ACORD notice appending Plaintiff's Pretrial Statement and Plaintiff's Statement of Uncontroverted Facts) -- the *same day* Final Judgment was entered against Destiny Springs. Destiny Springs did not notify us as soon as practicable of an "occurrence" or an offense which may result in a claim, did not notify us as soon as practicable, in writing or otherwise, of the claim or "suit", and did not immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit." Destiny Springs' complete breach of the Policy and failure to defend against the *Timlin* Complaint has substantially prejudiced Columbia.

Notwithstanding the foregoing and in an abundance of good faith, Columbia has retained mutually agreeable counsel to defend Destiny Springs in this matter and to seek to set aside the default and Final Judgment entered against Destiny Springs without notice to Columbia, subject to a full and complete reservation of rights. As discussed and agreed, this counsel is:

John Edwin Fisher, Esq.
Fisher, Rushmer, Werrenrath,
Dickson, Talley & Dunlap, P. A.
20 N. Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: 407/843-2111
Facsimile: 407/422-1080
Website: www.fisherlawfirm.com

We expect that Destiny Springs will cooperate with counsel in handling this time-sensitive matter, as required by the Policy. Given the circumstances, Columbia also recommends that Destiny Springs consult with personal counsel with respect to the *Timlin* Complaint.

Based on the foregoing, Columbia expressly reserves the right to disclaim responsibility for payment of *any* damages Destiny Springs becomes legally obligated to pay arising out of the *Timlin* Complaint or the subject matter thereof, including but not limited to the Final Judgment entered May 12th, pre- and post-judgment interest, attorneys' fees, costs, and expenses, in the event the default and Final Judgment are not set aside or Columbia is otherwise prejudiced by Destiny Springs' conduct.

## THE MOLD EXCLUSION

The Policy contains Endorsement C140396A Ed. 08/01, which provides:

## FUNGI / MOLD / MILDEW / YEAST / MICROBE EXCLUSION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A. The following exclusion is added to Paragraph 2., Exclusions, of Section I – Coverage A – Bodily Injury and Property Damage Liability:

This insurance does not apply to:

**Fungi and Microbes**

(1) "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or "microbes."

(2) Any loss, cost or expense arising out of the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of "fungi" or "microbes" by any insured or by anyone else.

This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to such injury or damage, loss, cost or expense.

C. The following definitions are added to Section V – Definitions:

"Fungi" means any form of fungus, yeast, mold, mildew, or mushroom, including, mycotoxins, spores, scents, byproducts or other substances produced or released by fungi. But "fungi" does not include fungi that were deliberately grown for human consumption.

"Microbe" means any bacteria, virus, or any other non-fungal, single celled or colony-form organism, including any toxins, scents, byproducts or other substances it produces or releases, whose injurious source is in or on a building or its contents. But "microbe" does not mean:

(1) Microbes that were transmitted directly from person to person;

(2) Microbes that caused food poisoning, if your business is food processing, sales, or serving; or

(3) Microbes listed in, or encountered in the course of operations listed in, the Microbe Exempt Schedule of this endorsement.

The Complaint alleges that water entered Mr. Timlin's unit, that the water resulted in mold, and that the mold damaged Mr. Timlin's health as well as his unit. The Complaint also alleges that Mr. Timlin contracted the services of Mold Investigative Group to test for the presence of mold. Accordingly, based on the above-captioned endorsement, Columbia expressly disclaims coverage for any damages sought by the *Timlin* Complaint to which the Fungi and Microbes exclusion applies. To the extent that the *Timlin* Complaint purports to assert a claim for damages to which the above-captioned endorsement does not apply, however, Columbia will defend Destiny Springs subject to a full and complete reservation of rights, as set forth herein.

### CONTINGENT RESERVATION OF RIGHTS

Columbia further reserves the right to disclaim the duty to defend or indemnify Destiny Springs for any of the following reasons:

- Columbia reserves the right to disclaim coverage to Destiny Springs for any bodily injury or property damage occurred outside of the Policy period.

- Columbia reserves the right to disclaim coverage for any and all losses arising out of breaches of contract.

- Columbia reserves the right to disclaim coverage should the *Timlin* Complaint involve damages or injuries which were expected and or intended by Destiny Springs.

- Columbia reserves the right to disclaim coverage on the *Timlin* Complaint based on the Pollution exclusion or similar title contained in the Policy.

- Columbia reserves the right to limit coverage based on the Known and Continuing Injury or Damage endorsement or similar title for the *Timlin* Complaint.

- Columbia reserves the right to recover any amounts paid if we determine others (including the insured, agent and other carriers) should have contributed or in the event that no coverage was owed.

- Columbia has no duty defend or indemnify any punitive damages, exemplary damages or fines assessed against Destiny Springs for the *Timlin* Complaint.

- Columbia has no duty to defend or indemnify any claim for injunctive relief against Destiny Springs, as specifically asserted in Count V of the Complaint.

There may be other policy terms, provisions, exclusions, conditions, and/or limitations which are applicable under the Policy, and which may become apparent upon further investigation. Columbia reserves the right to raise those policy terms, provisions exclusions, conditions, and/or limitations at any time, as well as all other legal, equitable or contractual rights it may have, and to disclaim any duty to defend or indemnify the insured accordingly.

By providing a defense to Destiny Springs at this time subject to a reservation of rights, Columbia does not waive, but rather expressly reserves, its right to limit or deny any obligation to defend or indemnify Destiny Springs, and nothing herein shall be construed as a waiver, estoppel or relinquishment of such right or an admission of any obligation. Further, Columbia expressly reserves the right to withdraw from the defense of Destiny Springs in this matter.

Please contact the undersigned if you have any questions regarding this letter or any aspect of this matter.

Cordially,


_____

Phillip R. Nava, CPCU
Columbia Casualty Company

c:    Jim Morse
      Bruce Morse Insurance Agency
      1090 W. Hwy 436
      Altamonte Springs, FL 32714

c:    John Edwin Fisher, Esq.
      Fisher, Rushmer, Werrenrath,
      Dickson, Talley & Dunlap, P. A.
      20 N. Orange Avenue, Suite 1500
      Orlando, Florida 32801

c:    Mr. Robert Bono
      Destiny Springs Condominium Association
      928 Lake Destiny Road
      Altamonte Springs, FL  32714





7003 3110 0004 1002 4101

) Closed
108

AD Closed
6.4

Close 6-5
6-6

MS TINA LEFF PRESIDENT
DESTINY SPRINGS CONDOMINIUM ASSOCIATION INC
928 LAKE DESTINY ROAD
ALTAMONTE SPRINGS FL 32714

3271438551 C007