# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DESTINY SPRINGS CONDOMINIUM ASSOCIATION, INC.,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:10-cv-352-Orl-31KRS**

**PRAETORIAN SPECIALITY INSURANCE COMPANY and GREAT AMERICAN INSURANCE COMPANY,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 3) filed by Defendant Praetorian Specialty Insurance Company ("Praetorian") and the response (Doc. 7) filed by the Plaintiff, Destiny Springs Condominium Association, Inc. ("Destiny Springs").

Praetorian contends that Destiny Springs' breach of contract claim against it (Count II) should be dismissed for failure to attach the pertinent policies, but no such requirement exists under the Federal Rules of Civil Procedure.[1]

Praetorian also argues that Destiny Springs has failed, in Count IV, to state a claim for violation of Fla. Stat. § 624.155, which provides remedies, *inter alia*, for an insurer's failure to make a good faith effort to settle claims against its insured. The Plaintiff contends that the factual allegations of the complaint "show a properly submitted claim which was not honored by the

---

[1]This case was originally filed in state court.

Defendant Praetorian in derogation of its statutory duty." The complaint does assert that Destiny Springs submitted a directors and officers negligence claim to Praetorian, which denied coverage (Doc. 2 at 7), and alleges that Praetorian "did not attempt to settle the instant claim in good faith," in violation of Fla. Stat. § 624.155 (Doc. 2 at 10). That is sufficient to avoid dismissal.

Finally, Praetorian contends that Count VI of the complaint, titled "Material Misrepresentation – Praetorian Specialty Insurance Company," fails to state a claim. In that count, Destiny Springs contends that, in its advertising and otherwise, "Great American" represented that the claims under its policy would be paid within a reasonable period of time, that this representation was false and intended to induce entities to purchase its insurance policies, and that Destiny Springs relied on those statements to its detriment (presumably, though not explicitly, by purchasing the policy.) Destiny Springs contends that the count sets forth a claim for fraudulent misrepresentation. However, even assuming that the reference to "Great American" rather than "Praetorian" is simply a scrivener's error, the Court finds that the allegations set forth in this count are insufficiently particular as to satisfy Fed.R.Civ.P. 9(b). There is no specificity as to when and where the statements were made, which individuals received them, and which person or persons relied on them in deciding to purchase a policy from Praetorian.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 3) filed by Defendant Praetorian Specialty Insurance Company is **GRANTED IN PART AND DENIED IN PART**. Count VI is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff may file an amended pleading on or before April 12, 2010 setting forth a fraudulent misrepresentation claim that complies with Rule 9(b). In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 29, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE