**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DESTINY SPRINGS CONDOMINIUM
ASSOCIATION, INC.,

     **Plaintiff,**

-vs-              **Case No.  6:10-cv-352-Orl-31KRS**

PRAETORIAN SPECIALITY
INSURANCE COMPANY and GREAT
AMERICAN INSURANCE COMPANY,

     **Defendants.**
_____

# ORDER

   This matter comes before the Court on the Motion to Enforce Settlement (Doc. 59) filed by

the Plaintiff, Destiny Springs Condominium Association, Inc. ("Destiny Springs"), and the

response (Doc. 63) filed by Defendant Great American Insurance Company ("Great American").

**I.  Background**

   This is an insurance coverage dispute.  At the time events relevant to the instant motion,

Destiny Springs and Great American were engaged in settlement discussions.  In addition, counsel

for Great American was preparing to file a motion for summary judgment and a motion for Rule

11 sanctions; counsel for Destiny Springs was planning to seek withdrawal from the matter due to

a perceived conflict of interest.

   At some point, Destiny Springs had offered to accept $30,000 to settle its claim.  By way of

an email dated Wednesday, August 11, 2010 (Doc. 59 at 4), counsel for Great American made a

counteroffer of $15,000.  He informed counsel for Destiny Springs that "[t]he offer will remain

open until a week from today, since I will need to finalize and file my MSJ by next Thursday."
(Doc. 59 at 4).  He also stated that his client had instructed him to file a Rule 11 motion on the
same date.  (Doc. 59 at 4).

A week later, on the afternoon of Wednesday, August 18, 2010, Great American's counsel
emailed opposing counsel to inquire whether Destiny Springs intended to accept the counteroffer.
(Doc. 59 at 5).  He wrote that he was preparing to leave town and needed to know whether he
would need to leave instructions for his secretary "to file my motions in this case."  (Doc. 59 at 5).
Approximately half an hour later, counsel for Destiny Springs responded by email, saying that he
planned to file a motion to withdraw and could not accept or decline the offer.  (Doc. 59 at 5).  He
asked whether Great American would agree to a continuance.  (Doc. 59 at 5).  That evening,
counsel for Great American responded that his client "is not agreeing to a continuance" and that he
would be "filing the MSJ and Rule 11 motion tomorrow."  (Doc. 63-2 at 1).  He added that "[i]f
your client decides to change its mind about settlement and you let me know tomorrow before the
motions are filed, I will pass it along to my client."  (Doc. 63-2 at 1).

At 7 p.m. the next day, August 19, counsel for Great American emailed opposing counsel
again.  (Doc. 59 at 4).  He noted that he had received opposing counsel's motion to withdraw, and
that he would be filing his summary judgment motion the next day, on Friday, August 20.  (Doc.
59 at 4).  He also noted that he would hold off filing the motion for sanctions for a week to give
Destiny Springs a chance to avoid it by voluntarily dismissing the case.  (Doc. 59 at 4).  Counsel
for Destiny Springs responded an hour later, announcing that he now had the authority "to accept
your offer of $15,000.00 in full and final settlement of the . . . case."  On August 20, counsel for
Great American responded, saying that the settlement offer had expired by its own terms on

August 18 and was, consequently, off the table.  (Doc. 59 at 6).  He also stated that, per his

instructions, his secretary had filed the summary judgment motion (Doc. 53) earlier that day.

(Doc. 59 at 6).  Counsel for Destiny Springs then filed the instant motion, seeking to enforce the

terms of the alleged settlement.

 Settlement agreements are highly favored in the law and will be upheld wherever possible.

*Miller v. Republic Nat. Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977).[1]  A trial court has the

power to enforce a settlement agreement entered into by the litigants while the litigation is pending

before it.  *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33 (5th Cir. 1967).  A motion

to enforce a settlement is in the nature of an equitable action for specific performance of a

contract, and as such is a matter to be resolved by the court rather than by a jury even though it

may involve factual disputes.  *Blitch Ford, Inc. v. MIC Prop & Cas. Ins. Co.*, 981 F.Supp. 1475,

1479-80 (M.D.Ga. 1997).  Under Florida law, a party seeking judgment on compromise and

settlement has the burden of establishing assent by the opposing party.  *Massachusetts Cas. Ins.*

*Co. v. Forman*, 469 F.2d 259, 261 (5th Cir. 1972) (citing, *inter alia*, *Goff v. Indian Lake Estates,*

*Inc.*, 178 So. 2d 910, 912 (Fla. 2d DCA 1965)).

 Counsel for Destiny Springs argues that the $15,000 counteroffer had not been withdrawn

prior to his email on the evening of August 19, which accepted that counteroffer.  (Doc. 59 at 2).

However that counteroffer expired by its own terms on August 18; it was made on August 11, and

included language stating that it would remain open "until a week from today."  (Doc. 59 at 4).

------

 [1].  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court
of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth
Circuit handed down prior to the close of business on September 30, 1981.

When counsel for Destiny Springs sought an extension, on August 18, it was rejected.  (Doc. 63-2 at 1).  Counsel for Great American to pass any subsequent settlement offers from Destiny Springs along to his client, but that was all.  (Doc. 63-2 at 1).  Accordingly, the counteroffer expired, at the latest, at midnight on August 18.  Destiny Springs's "acceptance," which occurred 20 hours later, was a nullity, as there was nothing left to accept.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Enforce Settlement (Doc. 59) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 3, 2010.

_____<br>
GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party